872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald MCGOUGH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3418.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, District Judge, and THOMAS A. BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ronald McGough appeals the judgment of the United States District Court for the Southern District of Ohio denying him disability benefits under the Social Security Act.
 
 
 2
 Ronald McGough, born on August 1, 1933, is 5'8" tall and weighs 175 pounds. He has a high school education and served in the Army between 1953 and 1955. Between 1955 and 1984, McGough worked as a system technician with A.T. & T. and Ohio Bell, installing telephone systems for industrial clients.
 
 
 3
 On July 30, 1985, McGough filed an application for disability insurance benefits, alleging disability since January 17, 1984 arising from problems with his right hand and right knee. On September 10, 1986, Administrative Law Judge Anthony V. Leanza held a hearing concerning McGough's disability. By decision dated September 30, 1986, the ALJ denied McGough benefits. The ALJ acknowledged that McGough suffers both from: severe varus deformity of the right knee which causes severe discomfort after prolonged walking and standing, and ulnar nerve palsy in the right arm and hand which prevents McGough from using his right hand. Nevertheless, the ALJ determined that McGough retains a residual functional capacity for a wide range of light work, and that there exist a significant number of jobs in the national economy which McGough could perform: gate keeper, small parts inspector, parking lot attendant, automatic car wash attendant, signaler, and decorating inspector. The ALJ thus held that McGough was not disabled under the Social Security Act.
 
 
 4
 McGough petitioned for review of the decision, and by opinion and order dated March 17, 1988, the United States District Court for the Southern District of Ohio granted summary judgment in favor of the Secretary, holding that the ALJ's decision was supported by substantial evidence. McGough appeals, alleging: (1) that the ALJ failed to give proper weight to the testimony of appellant's treating physician and (2) substantial evidence did not support the ALJ's finding that there exist a significant number of jobs which McGough can perform.
 
 
 5
 McGough claims that under Wages v. Secretary of Health & Human Services, 755 F.2d 495, 499 (6th Cir.1985), the ALJ's decision must be reversed given the lack of support for the Secretary's finding that he can do sedentary work. We conclude, however, that the evidence in this case differs from that in Wages. In Wages, the evidentiary deficiency was basically a lack of vocational expert testimony, which was not present here; vocational experts testified extensively that they considered the evidence of McGough's limitations. Thus we conclude there is substantial evidence to support the findings of the Secretary. Therefore, the judgment of the district court upholding the Secretary is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation